**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEWU FENG, | Nos. 07-72759 |
| | 07-74898 |
| Petitioner, | |
| | Agency No. A098-440-328 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

In these consolidated petitions for review, Kewu Feng, a native and citizen

of China, petitions for review of the Board of Immigration Appeals' ("BIA")

orders denying his motion to reopen and his motion to reconsider. Our jurisdiction

is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motions to reopen and motions reconsider. *See Mohammed v. Gonzales*, 400 F.3d

785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petitions for

review.

The BIA did not abuse its discretion in denying Feng's motion to reopen

because the motion was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Feng failed to

establish changed circumstances in China to qualify for the regulatory exception to

the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also*

*Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) (explaining 8 C.F.R. §

1003.2(c)(1) requires "the evidence must not have been available to be presented at

the former hearing before the IJ") (citation and internal quotations omitted). We

lack jurisdiction to review Feng's claim that the ineffective assistance of his former

counsel tolled the time limit for filing his motion to reopen because he failed to

exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th

Cir. 2004).

The BIA did not abuse its discretion in denying Feng's motion to reconsider

because Feng failed to identify any error of fact or law in the BIA's January 29,

2007, order. *See* 8 C.F.R. § 1003.2(b)(1); *see also* 8 C.F.R. § 1003.2(b)(3) ("A

motion to reconsider based solely on an argument that the case should not have

been affirmed without opinion by a single Board Member, or by a three-Member panel, is barred.").

Finally, we lack jurisdiction to review Feng's contentions regarding the underlying merits of the BIA's summary order, because Feng did not file a timely petition for review of that order. *See* 8 U.S.C. § 1252(b)(1); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) (time period for filing a petition for review with the court of appeals is not tolled by the filing of a motion to reopen or reconsider).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**